UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK L. STUHR,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JOSEPH LEHMAN,<br><br>　　　　　　Respondent. | Case No.  C005-5728RBL<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for April 7, 2006 |

Petitioner is a state prisoner currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington.  Petitioner seeks habeas relief under 28 U.S.C. § 2254 challenging his 1989, Pacific County conviction and sentence for murder in the first degree, for which he received an exceptional sentence of 425 months.

The matter is before the court on respondent's motion to dismiss the petition as an unauthorized second or successive petition (Doc. 9) and  petitioner's memorandum, filed in response to the motion (Doc. 11).  After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as a second or successive petition.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996, which was signed into law on April 24, 1996, section 2244(b)(3)(A) of the Act, states:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing

the district court to consider the application.

Petitioner previously filed a petition for habeas corpus challenging the validity of his 1989 first degree murder conviction. Stuhr v. Wood, USDC Cause No. C97-5232FDB. Mr. Stuhr presented nine grounds for federal habeas relief in that petition. Two claims raised by Mr. Stuhr related to the trial court's exceptional sentence based on due process and equal protection arguments, and the remaining seven claims related to the adequacy of his plea agreement. The matter was dismissed after the court found he was procedurally barred from bringing his claims because petitioner had failed to fairly and fully present his claims to the state court.

Petitioner now argues the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), requires the state court to reconsider his conviction and sentence. In Blakely, the Court invalidated a state court's exceptional sentence based on aggravating circumstances because it was determined solely by the judge and not considered by a jury. Petitioner erroneously argues the Court's decision in Blakely should apply retroactively to his case. A Washington state prisoner may not challenge the validity of his sentence retroactively on the ground that the trial court based its sentencing decision on facts that were not found to be true by a jury in violation of the constitutional principle subsequently announced by the United States Supreme Court in Blakely v. Washington. , 414 F.3d 1025 (9th Cir. 2005), *citing* Cook v. United States, 386 F.3d 949 (9th Cir. 2004). Blakely does not apply retroactively to convictions that became final prior to the publication of that decision.

Petitioner's instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). Accordingly, before the court may entertain any claims brought in such a petition, petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application.

CONCLUSION

Based on the foregoing, the Court should deny and dismiss the petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

1 | matter for consideration on **April 7, 2006**, as noted in the caption.

2 | DATED this 15th day of March, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge